UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
:   CASE NO.: 22-22532-cgm
IN RE:                                  :
:   CHAPTER: 13
Kim Roberts,                            :
:   HON. JUDGE:
Debtor.                                 :   CECELIA G. MORRIS
:
:   HEARING DATE:
:   November 2, 2022 at
:   9:00AM
:
------------------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. §§ 362(d) and 1301(c)**
<u>**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. §§ 362(a) and 1301(a)**</u>

Upon the amended motion, dated September 23, 2022 (the "Amended <u>Motion</u>"), of SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust (with any subsequent successor or assign, the "<u>Movant</u>"), for an order, pursuant to section 362(d)(1)-(2) and Section 1301 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), vacating the automatic stay imposed in this case by section 362(a) and section 1301 of the Bankruptcy Code as to the Movant's interests in 25-37 42nd Street, Astoria, NY 11103 (the "<u>Property</u>") to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Amended Motion having been made on all necessary parties; and the Court having held a hearing on the Amended Motion on November 2, 2022; and there being no opposition to the requested relief; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED** that the Amended Motion is granted as provided herein; and it is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under sections 362(d)(1)-(2) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED** that the co-debtor stay imposed in this case by section 1301(a) of the Bankruptcy Code is vacated under section 1301(c)(3) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED** that upon the entry of this Order, the Chapter 13 Trustee shall discontinue making payments on Movant's Proof of Claim, Claim No. 2-1; and it is further

**ORDERED** that Movant is permitted to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtors without further order of the court, and it is further

**ORDERED** that the Movant is granted reasonable attorney fees in the amount of $950.00 and costs in the amount of $188.00 as provided in the loan documents, to be paid from sale proceeds; and it is further

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED** that the Movant shall promptly report to the Chapter 13 trustee any surplus monies realized by any sale of the Property; and it is further

**ORDERED** that unless specifically provided in loan documents signed by the debtor, the Movant may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer.



**Dated: November 18, 2022**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**